# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-0730V
Filed: October 11, 2016
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| STEFENIE HILARIO, | * |
| | * |
| Petitioner, | * |
| v. | * |
| | *   Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | *   Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Alison Haskins*, Maglio, Christopher and Toale, PA (FL), Sarasota, FL, for petitioner.
*Sarah Duncan*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On July 14, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered a left shoulder injury as a result of her influenza vaccination received on October 20, 2014. Petition, at ¶¶ 1, 3, 5, 7, 9. On April 29, 2016, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer to which petitioner agreed. (ECF No. 31).

On August 22, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No. 37). Petitioner requests attorneys' fees in the amount of $25,043.60 and attorneys' costs in the amount of $1,867.91 for a total amount of $26,911.51. *Id.* at ¶ 2. In

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

compliance with General Order #9, petitioner filed a signed statement indicating petitioner incurred no out-of-pocket expenses.[3]  See General Order #9 Statement, filed as Exhibit 27, Attached to Petitioner's Motion.  On September 9, 2016, respondent filed a response to petitioner's motion.  (ECF No. 38).

In her response, respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  Id. at 1.  Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Id. at 2.  Respondent further "asserts that a reasonable amount for fees and costs in the present case would fall between $14,000.00 to $20,000.00" but provides little basis or explanation for how she arrived at this proposed range.  Id. at 3.

On September 19, 2016, petitioner filed a reply.  (ECF No. 39).  Petitioner notes that "[r]espondent does not specifically object to hourly rates or hours requested herein."  Id. at 1.  She adds that "[r]espondent's only contention specific to this case is her belief the award for fees and costs should be less, without consideration of the individual complexities of the case sub judice."  Id.  Petitioner maintains that "the fees and costs incurred by Petitioner are reasonable and should be awarded without reduction."  Id. at 6.

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $26,911.51[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Alison Haskins.**

---

[3] Additionally, in accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses.  See Motion at ¶ 5.

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir.1991).

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.